counting demanded of defendants in the present suit.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment in favor of the Caddo Transfer & Warehouse Company, Inc., herein represented by L. T. Lancaster, receiver, in the sum of $50,825.85, with legal interest from judicial demand until paid, against the Tri-State Transit Company of Louisiana, Inc., and against W. H. Johnson, individually, in solido, and that defendants pay all costs.

On Application for Rehearing.

PER CURIAM.

On application for rehearing, counsel have called our attention to an erroneous statement in the opinion that the Caddo Transfer & Warehouse Co., Inc., had assumed the debts of the Tri-State Transit Company. The error is patent because elsewhere in the opinion the language of the act transferring the assets of the Tri-State Transit Company, which were owned entirely by the Caddo Transfer & Warehouse Company, to the Tri-State Transit Company of Louisiana, Inc., is quoted literally, the last clause of which is as follows: "and the assumption of all liability of the Tri-State Transit Company, in amount of Seventy-five Thousand Ninety-two and no/100 ($75,092.00) Dollars, by the vendee herein." The words "by the vendee herein" are italicized.

Counsel for defendants seem to think the court's ultimate conclusion was influenced by its erroneous finding that the Caddo Transfer & Warehouse Company had assumed these debts. Counsel are in error. The basis of our conclusion, as stated at page 324 of 161 So. was our finding as a fact that "in the inventory of the assets of the Caddo of date March 31, 1930, made by Johnson as receiver, and duly homologated and approved by the court, the stock of the Tri-State owned by the Caddo is listed and appraised at $50,825.85. This stock was in custodia legis, and could not have been disposed of by Johnson, as receiver, without an order of the court. Nor could any of this stock have been transferred to Johnson, nor could he have legally and validly pledged this stock for the payment of his individual debts, under any resolution which the Board of Directors of the Caddo may have adopted."

Rehearing refused.

BAILEY v. CENTRAL COMMISSION CO., Inc.*

No. 14870.

Court of Appeal of Louisiana. Orleans.
May 13, 1935.

---

Harold J. Moore, of New Orleans, for appellant.

Harry B. Kelleher, of New Orleans, for appellee.

JANVIER, Judge.

J. Russell Bailey, a resident of the state of Mississippi, alleging that he purchased from the trustee in bankruptcy of Bailey Bros., Inc., all of the right, title, and interest of that corporation in and to a certain claim against Central Commission Company, Inc., and that the said claim has not been paid, seeks judgment for the amount of the claim, $169.17. From a judgment against it for the full amount, defendant appeals.

In support of his claim, plaintiff offered in evidence a copy of the procès verbal of the sale made by the trustee in bankruptcy of Bailey Bros., Inc., and also the testimony of J. N. Bailey taken by commission before a justice of the peace in Mississippi. Defendant offered no evidence, but contented itself with objections to the proof offered by the plaintiff. These objections are as follows: (1) That the copy of the report of the trustee in bankruptcy, showing the sale of the claim to the plaintiff, was not properly attested; (2) that, though the commission to take testimony was issued to H. H. Boswell, a notary public, the affidavit of the said Boswell attached to the return shows that he is a justice of the peace; (3) that questions Nos. 10, 11, and 12 propounded to the said Bailey are objectionable; (4) that the commission issued for the taking of the said testimony of the said Bailey had expired before it was executed.

The copy of the report of the trustee in bankruptcy, showing the sale of the claim to the present plaintiff, is attested in accordance with article 752 of the Code of Practice of this state and, furthermore, the record shows that objection on this specific ground was not made by counsel for defendant when the interrogatories and answers thereto were offered in evidence on the rule to show cause why they should not be received in evidence. This evidence is, therefore, properly in the record.

The commission to take the testimony of Bailey was issued to H. H. Boswell or to any judge, justice of the peace, or notary public. We are convinced by the record that as a matter of fact Boswell is both a justice of the peace and a notary public. Though he signed the procès verbal as justice of the peace, there is affixed to it his seal showing that he is also a notary public. Then, too, like the other objections to which we have referred, this one comes too late. It should have been urged on the trial of the rule to show cause why the depositions should not be received in evidence. C. P. art. 439.

Though the day originally fixed for the return of the commission had passed before the depositions of Bailey were returned, a new order had been issued extending the day for the making of this return and no objection was made thereto by defendant. The original delay was plainly caused by the failure of defendant's counsel to prepare his cross-interrogatories within the time limit fixed in the original order.

We need not consider the contention that questions 10, 11, and 12 were objectionable because, if the answers to those questions be not considered, the remaining evidence abundantly proves that the claim sued on is due.

Defendant, appellant, by supplemental brief, injects many new contentions into the case, all directed at the right of the bankruptcy court to proceed to the sale of this particular claim and at the question of whether or not proper formalities were complied with when that sale was made. These questions are all raised for the first time in counsel's brief. We are offered no proof on the facts which counsel charges and we will assume that the bankruptcy court complied

---

with all proper formalities. Then, too, as we have heretofore said, these questions should have been raised on the rule to use the depositions as evidence and when the copy of the procès verbal was offered in evidence.

 Plaintiff, appellee, by answer to the appeal, has asked that the judgment be amended and that an allowance of 10 per cent. be made on account of the fact that the appeal is frivolous. We have decided to grant the request and to make the said amendment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is amended by increasing the amount thereof by 10 per cent., and that, as thus amended, it be affirmed, at the cost of appellant.

Amended and affirmed.